In the matter of Degraw Street, Brooklyn.

------

In the matter of *Degraw Street*, in the city of Brooklyn.          [568]

Commissioners of estimate and assessment are not bound in every instance to abide by the rule that the land upon each side of the street sought to be opened, must be assessed with the expense, so that each lot shall pay one half the expense of the street immediately in front of it; but may, under peculiar circumstances, depart from it.

They are not at liberty to regard the land on each side of the street in the *aggregate*, and without reference to the *several proprietors*, the nature and extent of their interests respectively, and the form and position of the several parcels of land; on the contrary, it is their duty to take into consideration these and all other circumstances rendering the proposed improvement more or less beneficial to the owner.

This was a motion for the confirmation of a report of commissioners of estimate and assessment: which was opposed by *Charles Kelsey* and by the heirs of *Simon Cornell*. The facts are sufficiently detailed in the opinion of the court.

*By the Court*, Bronson, J. So far as this case depends on the opinion of witnesses, there is a decided preponderance of evidence in favor of the report of the commissioners; and the court, on inspection of the map, is unable to say that injustice has been done, unless the commissioners adopted an erroneous principle in making the assessments.

As a general rule, the land upon each side should pay the expense of opening a new street; and in such a manner, that each lot or parcel of land will pay one half of the expense of the street immediately in front of it. (*Matter of Twenty-sixth street, N. Y.*, 12 *Wendell*, 203.) But this cannot be a rule of universal application. There are cases where it would work injustice: and I think the commissioners properly departed from it in the present instance.

*Degraw street*, between Henry and Columbia streets, passes diagonally through the lands of different proprietors in such a manner as to make several irregular strips or residues of land within the assessment district; some of them fronting in part on the street, and others lying either wholly or in part in the rear of other lands; and all of the strips or residues being in such form that lots [569] cannot be laid out at right angles with the street and extending back to the rear of the assessment district. In this block, the commissioners have not assessed as much upon the lands on each side of Degraw street as they have allowed for the expense of opening it, by about seven thousand dollars. This difference has been charged on other lands through which the street is laid out, situate below and above the block in question—affecting, at the lower end of the street, the lands of *Kelsey* and *Blake*, and at the upper end, the lands belonging to *the heirs of Cornell*. *Kelsey* and *the heirs* have appealed.

The commissioners are not at liberty to regard the land on each side of the street in the aggregate, and without reference to the several proprietors. On the contrary, the second section of the act of 1833 requires them to give a description of " *any residues of lots or pieces of land* of which only a part will be required," " *with the names of the persons interested* in the said premises, *a statement of their respective interests,* and an estimate of the damages and an assessment of the benefit which will be sustained and derived *by them respectively* from such improvement, *and the proportion of the expense of the said improvement which each ought to bear.*" It is impossible to satisfy the language of the statute, or render justice to different individuals, without taking notice of the several proprietors, the nature and extent of their interests respectively, and the form and position of the several parcels of land. In no other way can the com-

missioners determine " the proportion of the expense of the improvement which each ought to bear." I think it evident that the proprietors of this block do not together derive so much benefit from the improvement as they would if they owned the whole jointly, instead of holding it in parcels ; or so much benefit as would result to a single individual who owned the whole of the land. The parcels are cut up in such a manner, that neither the front nor rear proprietor can use his land very beneficially without the consent of the other. They may be unable to agree as to the relative value of their respective interests ; and one may wish to sell or improve his property, while the other may be either [570] unable or unwilling to do so. *In the matter of Albany street,* (11 *Wendell,* 149,) the property taken, and part of the property assessed, was used as a *cemetery ;* and the rule laid down, as well in relation to damages as benefits, was, that the commissioners should take into consideration the extent of the interest which the owner has, and the qualified rights which he may exercise over the property. If the part assessed could only be used for the purpose of burying the dead, it would then derive little or no benefit from the opening of the street. There is some analogy between that case and the one before the court. If it be proper to look beyond the land, and to take notice of the qualified rights of the owner in reference to its enjoyment, it is proper also to regard other circumstances which render the proposed improvement more. or less beneficial to the owner.

It is no doubt true that a greater burden falls upon *Kelsey* and the *heirs of Cornell* than they would have been required to bear, if all the lands between Henry and Columbia streets had been owned by a single individual; but that is a matter of which they have no right to complain, unless they have been assessed more than the benefits which they will receive, or more than their just proportion of the advantages which will result to all the proprietors in consequence of opening the street. On the case presented, the court is unable to say that there has been any error, either in the principle on which the assessment was made, or in the application of that principle among the different proprietors.

The minor objections which were made to the report have been considered, but cannot prevail.                                        Report confirmed.